UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P483-S

**BENNIE L. GAMBLE**                                                                    **PLAINTIFF**

v.

**COMMONWEALTH OF KENTUCKY** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Bennie L. Gamble, Jr., filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is an inmate at the Northpoint Training Center. He sues the "Commonwealth of Kentucky; Gov. Steve Beshear; A.G., Jack Conway; Judge, John D. Caudill; and Brad Adams."[1] Plaintiff states that he was arrested in Texas City, Texas, in September 1997 for murder and robbery. He was brought to Paducah, Kentucky and was tried and convicted in 1999. He states that on direct appeal the Kentucky Supreme Court reversed and remanded his case for a new trial "for violating My Equal Protection of the 14th and 5th Amendments, pursuant to the U.S.

---

[1] The plaintiff lists these five Defendants in the caption of the complaint. However, in a subsequent portion of the complaint form, he also lists Judge R. Jeffrey Hines and Jonathan Hall as Defendants. According to Rule 10(a) of the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all the parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (Emphasis added). Because Judge Hines and Hall are not listed in the caption of the complaint, they are not properly named defendants and are not parties to this action.

Constitution, KY Constitution, 16 Am Jur 2d § 22, and Federal Civil Judicial Procedure and Rules." He further states, "My Civil, Constitutional, and Common Law, and Private rights are still being violated and grossly neglected, under 28 USC Title 18, due to the fact that I am currently still being incarcerated in violation of the U.S. Constitution, and Kentucky Constitution." Plaintiff also states that he has filed federal habeas corpus actions. He states that events occurred between September 1997 and the filing date of the instant complaint. He further states that his rights have been violated under Articles I, III, and IV of the Constitution, the Bill of Rights, the "Universal Declaration of Human, Civil Rights," numerous provisions of "28 USC, Title 18," and "Am Jur."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded

factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    42 U.S.C. § 1983**

A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other*

3

*grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, Plaintiff's claims for violation of his federal constitutional or civil rights must be brought under § 1983 and not under the constitutional provisions themselves or under other federal statutes.

Moreover, to the extent Plaintiff is attempting to bring claims under Title 18 of the United States Code, which contains criminal statutes, only the Attorney General can determine "the question of whether and when prosecution is to be instituted . . . ." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965), *cert. denied*, 384 U.S. 906 (1966). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Plaintiff also states that his rights have been violated under "Am Jur." The Court presumes that Plaintiff is referring to American Jurisprudence, which is a legal reference material. It does not create rights or a cause of action.

### 1.  Commonwealth of Kentucky

The Commonwealth of Kentucky is immune from suit under the Eleventh Amendment and is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's claims against the Commonwealth will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Beshear, Conway, Caudill, and Adams

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing each Defendant with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. at 375-76. Plaintiff states no facts regarding the personal involvement of any of the individuals he names as Defendants in the events giving rise to the complaint.

Moreover, to the extent Plaintiff seeks to hold any Defendant liable based on his supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869,

872-74 (6th Cir. 1982)).  As Plaintiff has made no allegations against these Defendants, he fails to establish a claim against any of them in their roles as supervisors.

Accordingly, Plaintiff fails to state a claim against these Defendants, and his claims against them will be dismissed.

**B.     Universal Declaration of Human Rights**

The Universal Declaration of Human Rights (UDHR) is not a treaty or international agreement that imposes legal obligations.  Rather, it is a statement of principles aimed at providing a common standard for international human rights.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004).  Because it is not enforceable in American courts, Plaintiff's claims under the UDHR will be dismissed.

**C.     State-law claims**

Finally, Plaintiff alleges violation of his rights under the Kentucky Constitution.  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The state-law claims will be dismissed without prejudice.

For the foregoing reasons, the action will be dismissed by separate Order.

Date:   December 19, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4411.010